WILLIAMS v. THOMAS ET AL.

1. **Fraudulent Representations as to Value of Property:** EVI-
    DENCE NOT ESTABLISHING.  See opinion.

2. **Estates of Decedents:** DISCOVERY OF ASSETS: EVIDENCE.  See
    opinion.

3. **Statute of Limitations:** ADVERSE POSSESSION OF LANDS.  Twenty
    years' possession of land, under a claim of absolute title, which posses-
    sion and claim were known to defendants, bars any right which the
    defendants may have had to assert an interest in the land.

*Appeal from Des Moines Circuit Court.*

THURSDAY, DECEMBER. 4.

ACTION in chancery to set aside a deed on account of mis-
representations and fraud, inducing its execution, and to
recover for rents of the land conveyed, and for discovery of
the assets of an estate of which plaintiff is sole heir.  The
defendants, Sarah and Frank Stokes, and A. J. and W. J.
Williams, claim interests in the lands as heirs, and pray that
their title be quieted.  The circuit court, by its decree, ren-
dered judgment against defendant, Thomas, for $1,040, on

account of money of the estate received by him. Other relief prayed for by plaintiff against him was denied. The relief prayed for by the other defendants was wholly denied. Plaintiff, and all of defendants separately, appeal.

*Hammack, Howard & Virgin* and *S. L. Glasgow*, for plaintiff.

*J. C. Powers* and *Newman & Blake*, for defendant, Thomas.

*Hedge & Blythe* and *Dewey & Templin*, for defendants, Williams.

*Palmer & Palmer*, for defendants, Stokes.

BECK, J.—I.   The petition alleges that plaintiff, who is a subject of the queen of England, residing in her dominions, is the sole heir of Mrs. Mary Jones, who died in Des Moines county, in 1879, seized of real estate in that county and in Louisa county, all of the value of $8,000, at the time of her death, and that personal estate to the value of $12,000 was also left by Mrs. Jones. It is further alleged that defendant, Thomas, and the deceased occupied together the lands involved in this action, and cultivated them jointly, and were equal owners of the personal property thereon, and the products thereof; that they were joint and equal owners of the lands situated in Louisa county; that defendant, Thomas, transacted all the business pertaining to the sale of stock and produce, leasing, collecting rents, etc., and that he had in his possession all of the notes and securities of Mrs. Jones, a large portion of which he has fraudulently converted to his own use. It is further alleged that defendant, Thomas, by false and fraudulent representation as to the value of the lands and the quantity of the personal estate, induced plaintiff to convey the lands and assign the personal property to him, for the consideration of $3,500. It is alleged that the other defendants make some

claim to the property, but that they have no legal and valid interest therein. The defendants, Williams and Stokes, in their respective answers, set up a claim to an interest in the lands, as heirs of the husband of Mrs. Jones, who died, seized thereof, in 1856. The plaintiff and defendant, Thomas, both plead the statute of limitations as a bar to the claim and rights of defendants, Williams and Stokes.

II. We shall first determine whether the charge of fraudulent and false representations as to the value and quantity of the assets of the estate, which induced plaintiff to transfer his interest therein to defendant, is sustained by the evidence. The representations of defendant as to the value of the lands were not made in positive language, and, according to the evidence, are approximately correct. They were worth but little, if any, more than the value mentioned by defendant. The same remarks may be made in regard to the quantity and value of the personal assets of the estate, and probably adverse claims to the lands. It may be observed that plaintiff doubtless transferred the property upon the representations of defendant, as he never saw any of it. He lived in England, and was never in this country.

1. FRAUDULENT representations as to value of property: evidence not establishing.

III. Plaintiff insists that certain notes claimed by defendant as his own property belonged to the estate. We think the proof does not support his position. The notes were found in the possession of defendant after Mrs. Jones' death, and about the only evidence that they were her property is the fact that they were payable to her or bearer. But there is other proof, besides defendants's possession, of his right to these notes. The business relations of the parties, their habits of transacting business, and other circumstances, tend to support our conclusion.

2. ESTATES of decedents : discovery of assets : evidence.

IV. Upon the death of Mrs. Jones, certain moneys were found in her possession, and were delivered to defendant. We

THE SAME. think the defendant has failed to establish his right thereto, and that the decree of the circuit court in rendering judgment therefor is correct.

V. Mrs. Jones claimed the lands as her own upon the death of her husband, in 1856. Soon thereafter, Williams 3. STATUTE of and Stokes set up a claim to them, which was limitations: adverse pos- resisted and denied by Mrs. Jones. The evidence session of lands. clearly shows that she claimed, adversely to defendants, the absolute title to all interest in the lands, and denied the claim of defendants. Under this adverse claim she held the land for more than twenty years. Her claim was all the time known to defendants. We reach the conclusion that they are barred of these claims by the statute of limitations. We refrain from entering upon a discussion of the evidence in order to support our conclusions as to the facts. It is not our custom to consume time in the discussion of simple questions of fact. There is no question of law involved in the case about which there exists a doubt. It is our conclusion that the judgment of the circuit court ought to be

AFFIRMED.